**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD MISLE,<br><br>  Plaintiff,<br><br>  v.<br><br>SCHNITZER STEEL INDUSTRIES, INC.,<br><br>  Defendant. | Case No. 15-cv-06031-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR LEAVE TO FILE AMENDED ANSWER TO COUNTERCLAIM**<br><br>Re: Dkt. No. 62 |

Now before the Court for consideration is the motion for leave to file an amended answer filed by Plaintiff Howard Misle ("Misle"), in which he seeks to amend his answer to Defendant Schnitzer Steel Industries, Inc.'s ("SSI") counterclaim. The Court has considered the parties' papers, relevant legal authority, the record in this case, and it has had the benefit of oral argument. For the reasons set forth herein, the Court GRANTS, IN PART, AND DENIES, IN PART, Misle's motion.

**BACKGROUND**

On November 19, 2015, Misle filed the Complaint in this action in the Superior Court of the State of California, County of San Francisco. (Dkt. No. 1, Notice of Removal, Ex. A, Complaint.) Misle asserted claims for breach of contract, declaratory relief, and conversion. On December 23, 2015, SSI removed the case to this Court and asserted the Court has diversity jurisdiction over the matter. (Notice of Removal, ¶¶ 4-9.) SSI filed its answer on December 30, 2015. (Dkt. No. 8.)

On April 15, 2016, the parties appeared before the Court for the initial case management

1  conference. (Dkt. No. 29.) In the joint case management conference statement, SSI stated that it

2  might amend its pleadings, if the parties could not resolve certain issues. (Dkt. No. 28, Joint Case

3  Management Conference Statement at 8:18-25.) In its minute order, the Court stated that a

4  "stipulation re cross-complaint or amended complaint" would be due by May 16, 2016. (Dkt. No.

5  29.) On May 16, 2016, the parties submitted a stipulation permitting SSI to file an amended

6  answer and counterclaim, which the Court approved on May 19, 2016. (Dkt. Nos. 32-33.) SSI

7  filed its Amended Answer and Counterclaim (the "Counterclaim") on May 20, 2016, in which it

8  asserted counterclaims against Misle for breach of contract, equitable indemnity, and declaratory

9  relief. (Dkt. No. 34.)

10  On June 6, 2016, Misle filed his Answer to SSI's Counterclaim. (Dkt. No. 35.) Misle did

11  not include any affirmative defenses in his Answer. (*See id.*) The parties proceeded with

12  discovery and filed motions for summary judgment. The Court heard oral argument on those

13  motions, in conjunction with the oral argument on this motion. The parties are scheduled to go to

14  trial in May 2017.

15  Approximately a week after the parties filed their motions for summary judgment, Misle

16  filed the motion for leave to amend his answer to SSI's Counterclaim to include eleven affirmative

17  defenses, which he argues were inadvertently omitted from his original answer.[1] At the hearing on

18  this motion, SSI stated that he will no longer pursue three of those proposed affirmative defenses:

19  (1) the proposed third affirmative defense of laches; (2) the proposed sixth affirmative defense,

20  that damages were caused by third parties; and (3) the proposed seventh affirmative defense that

21  SSI's claims are barred by the doctrines of res judicata and collateral estoppel.

22  Misle still seeks to add the following affirmative defenses: (1) SSI has failed to state a

23  claim; (2) SSI's claims are barred by the statute of limitations; (3) SSI is barred from asserting

24  claims based on the doctrines of waiver and estoppel; (4) SSI is barred from recovery by the

---

[1] Misle initially filed the motion on December 30, 2016, but he was advised to "re-notice [the] motion properly and schedule it for hearing according to Judge White's calendar availability." (*See* ECF Docket entry between Dkt. Nos. 61, 62.) Instead of merely re-noticing the motion, which would not have altered the original briefing schedule, on January 4, 2017, Misle re-filed the motion in its entirety, thereby triggering a new briefing schedule.

1  doctrine of unclean hands; (5) SSI failed to perform its own contractual obligations; (6) Misle

2  performed his obligations or his obligations were excused; (7) SSI failed to mitigate its damages;

3  and (8) SSI was contributorily negligent.

**ANALYSIS**

**A.   Applicable Legal Standards.**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

The Court considers five factors to determine whether it should grant leave to amend: "'(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,]'" and (5) whether the moving party previously amended a pleading. *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (listing the first four factors as factors to be considered). Each factor is not given equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Absent prejudice, or a strong showing of any of the remaining … factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original).

Once a court has entered a scheduling order, the standards set forth in Rule 16 apply, and a court can modify the scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4). Under Rule 16, a court's inquiry should focus on a party's diligence. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). If the moving party fails to show diligence, the inquiry should end. *Zivkovic*, 302 F.3d at

3

1087; *Johnson*, 975 F.2d at 609.

**B.     The Court Grants, in part, and Denies, in part, the Motion.**

SSI argues Misle must satisfy Rule 16's good cause standard, because the Court set a deadline of May 16, 2016 to amend the pleadings. An answer to a counterclaim is a pleading. *See* Fed. R. Civ. P. 7(a)(3). The Court's minute order referred a deadline to file the proposed counter-claim or amended complaints. The parties filed their stipulation on May 16, 2016, and because the Court did not approve the stipulation on that date, SSI filed its Amended Answer and Counterclaim on May 20, 2016. Misle was permitted to file his answer within the time frame permitted by Federal Rules of Civil Procedure. However, under SSI's interpretation of the Court's minute order, Misle would have been required to file a final answer by May 16, 2016, to a counterclaim that had not yet been filed. The Court shall analyze this motion under Rule 15.

**1.     Prior Amendments.**

It is undisputed that this is Misle's first request for leave to amend his answer. That fact weighs in favor of granting leave to amend.

**2.     Bad Faith.**

In order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows "wrongful motive" on the part of the moving party. See *DCD Programs*, 833 F.2d at 187. Misle argues that the omission of affirmative defenses from the answer was inadvertent. SSI has not pointed to anything in the record that would suggest otherwise. Indeed, the record suggests that SSI also did not realize that Misle's answer did not include any affirmative defenses. (*See* Declaration of Donnelly A. Gillen, ¶¶ 6-7, Exs. A-B.) The Court finds that this factor weighs in favor of amendment.

**3.     Futlity.**

As noted, Misle has withdrawn three of the affirmative defenses. In its opposition, SSI did not argue that it would be futile to grant Misle leave to amend. However, at the hearing, SSI argued it could not raise an argument about futility about the remaining affirmative defenses, because it does not know what facts support the affirmative defenses. As SSI correctly noted, Misle's affirmative defenses consist of legal conclusions and contain no underlying facts. As a

4

1  result, this Court also cannot evaluate whether amendment would be futile.

2  With the exception of three affirmative defenses discussed in Section B.5, below, the Court
3  finds this factor weighs against granting leave to amend.

**4.     Undue Delay.**

When assessing whether a party unduly delayed in seeking leave to amend, courts focus on "'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading,'" rather than on whether the motion to amend was timely filed. *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).[2] Misle filed his answer in June 2016, but he did not seek leave to amend until after the parties filed motions for summary judgment. He attests that the omission was inadvertent, and as noted there is nothing to contradict that assertion. However, the record also shows Misle was aware of this omission by mid-November 2016. (Declaration of Bao M. Vu ("Vu Decl."), ¶ 3, Ex. A.) Misle did not seek leave to amend until December 30, 2016.

At the hearing, Misle suggested that expert discovery may uncover facts that will support these defenses. Misle has not provided the Court with any evidence that would show he was not aware of the facts that would support these affirmative defenses prior to November 2016. Indeed, to the extent Misle intends to assert he "performed all of [his] obligations under his contract with SSI or that his performance was excused," he presumably has been aware of the facts to support that defense at a much earlier point in this litigation. The Court finds the same would be true for his proposed affirmative defense that SSI failed to perform its contractual obligations.

Therefore, the Court finds Plaintiff has unduly delayed in seeking leave to amend. Because delay alone generally is not sufficient to deny leave to amend, the Court examines whether amendment would cause SSI prejudice. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

---

[2] If Rule 16 did apply, Misle's assertion of inadvertence would not amount to "good cause," and his subsequent delay in seeking leave to amend also demonstrates his lack of diligence. *See, e.g., Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").

### 5. Prejudice.

Prejudice is the most significant factor for considering whether leave to amend should be granted. *Eminence Capital*, 316 F.3d at 1052. Prejudice must be substantial in order for the Court to justify denying leave to amend. *Morongo*, 893 F.2d at 1079. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). In that case, the Ninth Circuit affirmed the district court's decision to deny the plaintiff's request for leave to amend to include new domain name registrants, because the motion was filed after defendants had filed a motion for summary judgment and the parties had not conducted discovery on the domain name registrants plaintiff was seeking to add to the case. *Id.*; *cf. Medtronic, Inc. v. AGA Med. Corp.*, No. 07-cv-0567 MMC, 2009 WL 416538, at *2 (N.D. Cal. Feb. 18, 2009) (finding late amendment would cause prejudice, because it would require the preparation of "a defense to a counterclaim with a factual basis distinct from that of [the] underlying claims and whose inclusion in the action would substantially expand the issues for trial").

The deadline to complete non-expert discovery was October 14, 2016. (Dkt. No. 30.) With the exception of one deposition, that deadline has not been extended. SSI argues that it would be necessary to re-open discovery to depose Misle, HMH Engineers, and a representative for the City of San Jose to obtain facts relevant to the affirmative defenses of waiver and estoppel, failure to mitigate damages, and contributory negligence. At the hearing, Misle conceded that it would be reasonable to permit SSI to propound contention interrogatories on those defenses. SSI also argued that had it been aware that these and other affirmative defenses would be at issue, it might have moved for summary judgment on some or all of them. Now, however, the deadline to file dispositive motions has passed.

SSI did not articulate any additional discovery it would need with respect to Misle's first (failure to state a claim), eighth (SSI failed to perform its own contractual obligations), and ninth (Misle performed or was excused from performing) proposed affirmative defenses. In addition,

the facts underlying those affirmative defenses are part and parcel of the competing breach of contract claims. Because SSI has not articulated that it would require additional discovery on those proposed affirmative defenses, the Court concludes that it would not be prejudiced by permitting Misle leave to amend his answer to include those affirmative defenses.

However, the Court finds SSI would be prejudiced if the Court were to grant Misle leave to amend to include the other five proposed affirmative defenses: the statute of limitations, waiver and estoppel, unclean hands, failure to mitigate damages, and contributory negligence. The Court's conclusion is based on the lack of factual specificity as to the remaining affirmative defenses and SSI's arguments that additional discovery would be necessary to uncover the facts supporting those defenses.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, Misle's leave to file an amended answer. Misle shall file its amended answer by no later than February 24, 2017.

**IT IS SO ORDERED.**

Dated: February 17, 2017

_____
JEFFREY S. WHITE
United States District Judge